John D'Ercole, Esq.
(jdd@robinsonbrog.com)
Robinson Brog Leinwand Greene Genovese
& Gluck P.C.
875 Third Avenue, 9th Floor
New York, New York 10022-0123
(212) 603-6300
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONY CORPORATION,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>MIZCO INTERNATIONAL, INC.,<br><br>　　　　　　　　　　　　　　　Defendant. | 13 CIV 0649 (CM)<br><br>**ANSWER WITH<br>AFFIRMATIVE DEFENSES<br>AND COUNTERCLAIMS** |

　　　　Defendant Mizco International, Inc. ("Mizco"), by its attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., alleges as and for its answer to the complaint of plaintiff SONY Corporation ("SONY")), as follows:

　　　　1.　　Admits the allegations of paragraph 1 of the complaint.

　　　　2.　　Admits the allegations of paragraph 2 of the complaint.

　　　　3.　　Admits the allegations of paragraph 3 of the complaint.

　　　　4.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

　　　　5.　　Admits the allegations of paragraph 5 of the complaint.

6. Denies the allegations of paragraph 6 of the complaint, except admits that Mizco sells some of its products to customers throughout the United States including New York.

7. Denies the allegations of paragraph 7 of the complaint, except admits that Mizco sells some of its products to customers some of whom are located in the State of New York.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint.

13. Denies the allegations of paragraph 13 of the complaint, except admits that United States Patent Nos. 7,086,894 (the '894 Patent"), 8,021,777 (the "'777 Patent") and 8,048,553 (the "'553 Patent") were issued to Sony by the United States Patent and Trademark Office and that true and correct copies of these Patents are attached to the Complaint as Exhibits A, B and C, respectively.

14. Denies the allegations of paragraph 15 of the complaint, except admits that the '894 Patent was issued on August 8, 2006 and is entitled "Structures of Terminals and Components-to-be-Loaded."

15. Denies the allegations of paragraph 15 of the complaint, except admits that the '777 Patent was issued on September 20, 2011 and is entitled "Battery Device and Electronic Apparatus."

16. Denies the allegations of paragraph 16 of the complaint, except admits that the '553 Patent was issued on November 1, 2011 and is entitled "Battery Device and Electronic Apparatus."

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

18. Admits the allegations of paragraph 18 of the complaint.

19. Admits the allegations of paragraph 19 of the complaint.

20. Admits the allegations of paragraph 20 of the complaint.

21. Admits the allegations of paragraph 21 of the complaint.

22. Denies the allegations of paragraph 22 of the complaint, except admits that on or about July 17, 2012 Mizco received notice of the '894 Patent.

23. Denies the allegations of paragraph 23 of the complaint, except admits that on or about July 17, 2012 Mizco received notice of the '777 Patent.

24. Denies the allegations of paragraph 24 of the complaint, except admits that on or about July 17, 2012 Mizco received notice of the '553 Patent.

25. Mizco repeats and realleges paragraphs 1 through 24 of its answer as if fully set forth herein.

26. Denies the allegations of paragraph 26 of the complaint.

27. Denies the allegations of paragraph 27 of the complaint.

28. Denies the allegations of paragraph 28 of the complaint.

29. Denies the allegations of paragraph 29 of the complaint.

30. Denies the allegations of paragraph 30 of the complaint.

31. Mizco repeats and realleges paragraphs 1 through 30 of its answer as if fully set forth herein.

32. Denies the allegations of paragraph 32 of the complaint.

33. Denies the allegations of paragraph 33 of the complaint.

34. Denies the allegations of paragraph 34 of the complaint.

35. Denies the allegations of paragraph 35 of the complaint.

36. Denies the allegations of paragraph 36 of the complaint.

37. Mizco repeats and realleges paragraphs 1 through 37 of its answer as if fully set forth herein.

38. Denies the allegations of paragraph 38 of the complaint.

39. Denies the allegations of paragraph 39 of the complaint.

40. Denies the allegations of paragraph 40 of the complaint.

41. Denies the allegations of paragraph 41 of the complaint.

42. Denies the allegations of paragraph 42 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

43. The claims in the complaint fail to state a claim for relief against defendant.

## SECOND AFFIRMATIVE DEFENSE

44. The plaintiff has failed to give the defendant notice of the alleged infringement and, therefore, any damages recoverable are limited accordingly.


### THIRD AFFIRMATIVE DEFENSE

45.     The plaintiff is guilty of laches in intentionally delaying the bringing of this action for infringement.

### FOURTH AFFIRMATIVE DEFENSE

46.     The claims in the complaint for patent infringement are barred under the First Sale Doctrine and/or Exhaustion Doctrine since SONY sells its cameras and batteries as one packaged product and has already received royalty compensation for its patent grants.

### FIFTH AFFIRMATIVE DEFENSE

47.     The claims in the complaint for patent infringement are barred because Mizco sold its allegedly infringing products as replacement parts pursuant to an implied license granted to the consumer who are entitled to repair or replace parts of a patented product with unpatented parts after the First Sale of the product.

### SIXTH AFFIRMATIVE DEFENSE

48.     The plaintiff is guilty of prosecution laches in failing, upon information and belief, to diligently prosecute claims of patent infringement against alleged infringers over the life of the patents which are the subject matter of this action.

### SEVENTH AFFIRMATIVE DEFENSE

49.     The plaintiff has unclean hands.

### EIGHT AFFIRMATIVE DEFENSE

50.     The plaintiff has waived any right it had to prosecute the defendants for patent infringement.

### NINTH AFFIRMATIVE DEFENSE

51. The plaintiff is estopped from prosecuting any claim against the defendants for patent infringement.

### TENTH AFFIRMATIVE DEFENSE

52. The Patents alleged as the basis for plaintiff's claims are unenforceable and/or invalid.

### ELEVENTH AFFIRMATIVE DEFENSE

53. The Plaintiff has engaged in patent misuse by unlawfully seeking to extend its patent monopoly to component parts in order to prevent competition from replacement part manufacturers.

### TWELFTH AFFIRMATIVE DEFENSE

54. The inventions set forth in some or all of the Patents are invalid and/or unenforceable because they would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

### THIRTEENTH AFFIRMATIVE DEFENSE

55. Some or all of the Patents are invalid because the invention was "anticipated" within the meaning of 35 U.S.C. § 102 in that it was known or used by others before the filing of the respective applications and/or in public use in this country at least one year before the application date of the patent.

### FOURTEENTH AFFIRMATIVE DEFENSE

56. Some or all of the Patents are invalid and/or unenforceable as being "anticipated" within the meaning of 35 U.S.C. § 102 on the grounds of prior art in that the invention was filed

and/or granted to another applicant prior to the filing of the applications for the respective Patents.

### FIFTEENTH AFFIRMATIVE DEFENSE

57.     Some or all of the Patents are invalid and/or unenforceable on the grounds of indefiniteness and ambiguity under 35 U.S.C. § 112.

### SIXTEENTH AFFIRMATIVE DEFENSE

58.     Some or all of the Patents are invalid and/or unenforceable on the grounds that the patents violate the Written Description Doctrine of 35 U.S.C. § 112.

### SEVENTEENTH AFFIRMATIVE DEFENSE

59.     Some or all of the Patents are invalid and/or unenforceable on the grounds that the patents violate the Written Description Doctrine and/or New Matter Doctrine set forth in 35 U.S.C. §§ 112 and 132 (a).

### EIGHTEENTH AFFIRMATIVE DEFENSE

60.     Some or all of the Patents are invalid and/or unenforceable on the grounds of prosecution estoppel based upon submissions to the PTO.

### FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity of the '894 Patent)

61.     Mizco repeats and realleges paragraphs 1 through 60 of its answer as if fully set forth herein.

62.     This counterclaim seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

63. U.S. Patent No. 7,086, 894 (the "'894 Patent") is invalid and/or unenforceable for failure to meet one or more of the requirements for patentability under 35 U.S.C. § 101, et seq. including but not limited to 35 U.S.C. §§ 102 and 103.

64. The claims of the '894 Patent are invalid because the alleged inventions claimed therein are "anticipated" in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 102.

65. The claims of the '894 Patent are invalid because the alleged inventions claimed therein are obvious in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 103.

66. Specifically, the claims in the '894 Patent are invalid as being anticipated and/or obvious by, *inter alia*, U.S. Patent Nos. 6,521,370, 6,171,126 and 6,127,063, as set forth in the "Invalidity Analysis Claim Charts" attached hereto as Exhibit A and expressly incorporated herein.

67. An actual case and controversy exists between plaintiff and defendant concerning the validity of the '894 Patent.

68. Mizco has no adequate remedy of law.

69. By reason of the foregoing, Mizco respectfully requests the Court to enter a declaratory judgment declaring that the '894 Patent is invalid and/or obvious under 35 U.S.C. § 101, *et seq.*

**SECOND COUNTERCLAIM**
(Declaratory Judgment of Invalidity of the '777 Patent)

70. Mizco repeats and realleges paragraphs 1 through 69 of its answer as if fully set forth herein.

71. This counterclaim seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

72. U.S. Patent No. 8,021,777 (the "'777 Patent") is invalid and/or unenforceable for failure to meet one or more of the requirements for patentability under 35 U.S.C. § 101, et seq. including but not limited to 35 U.S.C. §§ 102 and 103.

73. The claims of the '777 Patent are invalid because the alleged inventions claimed therein are "anticipated" in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 102.

74. The claims of the '777 Patent are invalid because the alleged inventions claimed therein are obvious in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 103.

75. Specifically, the claims in the '777 Patent are invalid as being anticipated and/or obvious by, *inter alia*, U.S. Patent Nos. 6,729,413, 6,057,608, D535,253 and 6,261,715, as set forth in the "Invalidity Analysis Claim Charts" attached hereto as Exhibit A and expressly incorporated herein.

76. An actual case and controversy exists between plaintiff and defendant concerning the validity of the '777 Patent.

77. Mizco has no adequate remedy of law.

78. By reason of the foregoing, Mizco respectfully requests the Court to enter a declaratory judgment declaring that the '777 Patent is invalid under 35 U.S.C. § 101, *et seq.*

## THIRD COUNTERCLAIM
(Declaratory Judgment of Invalidity of the '553 Patent)

79. Mizco repeats and realleges paragraphs 1 through 78 of its answer as if fully set forth herein.

80. This counterclaim seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

81. U.S. Patent No. 8,0481,553 (the "'553 Patent") is invalid and/or unenforceable for failure to meet one or more of the requirements for patentability under 35 U.S.C. § 101, et seq. including but not limited to 35 U.S.C. §§ 102 and 103.

82. The claims of the '553 Patent are invalid because the alleged inventions claimed therein are "anticipated" in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 102.

83. The claims of the '553 Patent are invalid because the alleged inventions claimed therein are obvious in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 103.

84. Specifically, the claims in the '553 Patent are invalid as being anticipated and/or obvious by, *inter alia*, U.S. Patent Nos. 6,261,715, as set forth in the "Invalidity Analysis Claim Charts" attached hereto as Exhibit A and expressly incorporated herein.

85. An actual case and controversy exists between the plaintiff and defendant concerning the validity of the '553 Patent.

86. Mizco has no adequate remedy of law.

87. By reason of the foregoing, Mizco respectfully requests the Court to enter a declaratory judgment declaring that the '553 Patent is invalid under 35 U.S.C. § 101, *et seq.*

## FOURTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of the '894 Patent)

88. Mizco repeats and realleges paragraphs 1 through 87 of its answer as if fully set forth herein.

89. This counterclaim seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

90. An actual case or controversy exists between plaintiff and defendant concerning the non-infringement of the '894 Patent.

91. Mizco has no adequate remedy at law.

92. Mizco's manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a does not infringe any valid and enforceable claim of the '894 Patent.

93. By reason of the foregoing, Mizco is entitled to a declaratory judgment that the manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a does not infringe any valid and enforceable claim of the '894 Patent.

## FIFTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of the '777 Patent)

94. Mizco repeats and realleges paragraphs 1 through 93 of its answer as if fully set forth herein.

95. This counterclaim seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

96. An actual case or controversy exists between plaintiff and defendant concerning the non-infringement of the '777 Patent.

97. Mizco has no adequate remedy at law.

98.     Mizco's manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a does not infringe any valid and enforceable claim of the '777 Patent.

99.     By reason of the foregoing, Mizco is entitled to a declaratory judgment that the manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a does not infringe any valid and enforceable claim of the '777 Patent.

### SIXTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of the '553 Patent)

100.    Mizco repeats and realleges paragraphs 1 through 99 of its answer as if fully set forth herein.

101.    This counterclaim seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

102.    An actual case or controversy exists between plaintiff and defendant concerning the non-infringement of the '553 Patent.

103.    Mizco has no adequate remedy at law.

104.    Mizco's manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a does not infringe any valid and enforceable claim of the '553 Patent.

105.    By reason of the foregoing, Mizco is entitled to a declaratory judgment that the manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a does not infringe any valid and enforceable claim of the '553 Patent.

### JURY DEMAND

Mizco demands a jury trial on the claims contained in the complaint so triable as well as its counterclaims.

**WHEREFORE**, defendant Mizco International, Inc. demands judgment dismissing the complaint of plaintiff SONY Corporation and:

1. On its First Counterclaim, declaring the claims of the '894 Patent as set forth herein are invalid and/or unenforceable;

2. On its Second Counterclaim, declaring the claims of the '777 Patent as set forth herein are invalid and/or unenforceable;

3. On its Third Counterclaim, declaring the claims of the '553 Patent as set forth herein are invalid and/or unenforceable;

4. On its Fourth Counterclaim, declaring that no valid and enforceable claim of the '894 Patent has been infringed by Mizco's manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a;

5. On its Fifth Counterclaim, declaring that no valid and enforceable claim of the '777 Patent has been infringed by Mizco's manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a;

6. On its Sixth Counterclaim, declaring that no valid and enforceable claim of the '553 Patent has been infringed by Mizco's manufacture, use, sale, offer of sale and/or importation of its Battery Model No. SNV50a;

7. Permanently enjoining plaintiff, its officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of or in privity with them or with any of them, from asserting or otherwise seeking to enforce the '894 Patent, the '777 Patent and/or the '553 Patent against Mizco;

8. Declaring this case is an exceptional case under 35 U.S.C. § 285 and awarding Mizco its attorney's fees, costs and expenses; and

{00622028.DOC;2 }

9.	Awarding Mizco its costs and disbursements of the action and such other and further relief as the Court deems just and proper.

DATED:	New York, New York
	May 2, 2013

	ROBINSON BROG LEINWAND GREENE
	GENOVESE & GLUCK P.C.

	By: _____
	John D. D'Ercole, Esq.
	(jdd@robinsonbrog.com)

	875 Third Avenue, 9th Floor
	New York, NY 10022-0123
	Tel: (212) 603-6300
	Fax: (212) 956-2164
	Attorneys for Defendant

{00622028.DOC;2 }

14