USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONY CORPORATION,<br><br>                          Plaintiff,<br><br>         v.<br><br>MIZCO INTERNATIONAL INC.,<br><br>                          Defendant. | Docket No.: 13-CV-649 (CM) (SN) |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by Plaintiff Sony Corporation ("Sony") and Defendant Mizco Inc. ("Defendant" or "Mizco") (collectively "Parties"), subject to the approval of the Court and the attached Addendum pursuant to Rule IV.I of Judge McMahon's Individual Rules, that:

**1. Application.** This Protective Order ("Order") governs the production or exchange of materials and information in discovery and court filings in the above-captioned action (the "Action"), whether by a Party or a third party. It applies to the Parties and their counsel of record, representatives, experts, agents and employees. In the event discovery is sought from a third party, it shall also apply to that third party and its counsel of record, representatives, experts, agents and employees. A Party or third party providing material or information under this Order shall be referred to as the "Producing Party;" a Party receiving material or information shall be referred to as the "Receiving Party." This Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to any provision of this Order.

**2. Confidential and Highly Confidential**

Each Party or third party providing information or material may in good faith designate that information or material to be "Confidential Information" or "Highly Confidential Information."

**Confidential Information**: "Confidential Information" is information that constitutes or embodies information pertaining to its business that is not generally known to the public and that the Producing Party generally maintains under conditions of confidentiality. "Confidential Information" may include, but is not limited to, financial information, marketing and sales information, and certain technical information about products.

**Highly Confidential Information**: "Highly Confidential Information" is information that the Producing Party believes in good faith is of such a nature that the unauthorized disclosure of the Information is likely to lead to competitive injury to the Producing Party including: (i) financial information, marketing and sales information, technical information, business and marketing plans, analyses or surveys, customer lists and communications, meeting minutes, and product development plans and other information that are not publicly known, are maintained by the Producing Party under conditions of confidentiality, and (ii) personnel files.

**3. Designation.** The Producing Party shall identify all Confidential Information and Highly Confidential Information by affixing to it, where reasonably possible and in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY" (respectively) on each page of a document asserted to include such information or on a conspicuous portion of any thing, including any computer disk or other electronic storage media. Any summary, compilation or copy of any document or thing so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY" shall be treated the same as the underlying document or thing as

provided by this Order. The Producing Party shall avoid designating information or materials that do not qualify for or require such treatment. Confidentiality designations shall, wherever practicable, be made before or at production or disclosure, except in the case of depositions, which shall be designated as set forth in Paragraph 12. If the Producing Party elects to produce documents or other material for inspection, no markings need be made by the Producing Party in advance of the inspection. But after the Receiving Party selects documents or material for copying, the Producing Party shall make the appropriate copies, with appropriate designations, if any, before providing copies to the Receiving Party. Until the Producing Party provides copies of the documents or materials selected for copying, all documents made available for inspection must be treated as if they contained Highly Confidential Information. If Confidential Information or Highly Confidential Information is produced without being reduced to a documentary, tangible, or physical form that can be conveniently designated, the Producing Party must inform the Receiving Party in writing when this Confidential Information or Highly Confidential Information is produced. The Parties shall then confer and agree, in writing, on an appropriate way of designating this material.

    **4. Disclosure of Confidential Information.** No Receiving Party receiving any document or thing designated "CONFIDENTIAL" in accordance with this Order shall disclose any such Confidential Information to any other person or entity, except to the following:

    a.    the Court and its personnel;

    b.    outside counsel of record and in-house counsel of the Parties and their necessary support personnel used to assist in this Action;

Case 1:13-cv-00649-CM-SN   Document 25   Filed 09/13/13   Page 4 of 20

c. expert consultants (and their necessary support staff), who have been retained by a Party and disclosed as provided under Paragraph 8, below;

d. court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e. graphics, translation, trial consulting, and/or document service providers, who have been retained by a Party and signed Confidentiality Agreements as provided under Paragraph 8, below;

f. the person whose testimony is being taken, subject to Paragraph 10; and

g. any other person with the prior written consent of the Producing Party.

**5. Disclosure of Highly Confidential Information.** No Receiving Party receiving any document or thing designated "HIGHLY CONFIDENTIAL INFORMATION: ATTORNEY'S EYES ONLY" in accordance with this Order shall disclose any such Highly Confidential Information to any other person or entity, except to the following:

a. the Court and its personnel;

b. outside counsel of record for the parties and their necessary support personnel used to assist in this Action;

c. expert consultants (and their necessary support staff) who have been retained by a Party and disclosed as provided under Paragraph 8, below;

d. court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e. graphics, translation, trial consulting, and/or document service providers, who have been retained by a Party and signed Confidentiality Agreements as provided under Paragraph 8, below;

  f. the person whose testimony is being taken, subject to Paragraph 10; and

  g. any other person with the prior written consent of the Producing Party.

In no event shall Highly Confidential Information be disclosed to a Party to this Action or an officer, director, or employee of a Party to this Action, other than a person listed in subparagraphs (a) through (g) of this Paragraph 5 and subject to the limitations in Paragraph 6, unless authorized by a prior order of the Court or the prior written approval of the Producing Party. Either Party may request a Producing Party's consent to disclose to a representative of the Party who has responsibility for managing or assisting on the case or who have responsibility for making decisions about possible settlement of the case particular Highly Confidential Information to enable that representative to carry out such responsibilities.

**6. Use of Confidential and Highly Confidential Information.** Receiving Parties are permitted to use Confidential Information and Highly Confidential Information produced by another Party or a third party solely and exclusively for the purpose of litigating the Action.

This Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things.

**7. Filings with this Court.** To the extent that any material containing information designated as Confidential Information or Highly Confidential Information is to be filed with the Court, such material shall be filed under seal with the Clerk of the Court according to any local rules of the Court. The Parties agree that such filing does not compromise the confidential status of the Confidential Information or Highly Confidential Information. The Parties agree not to oppose such requests to file under seal and not to seek to have any such

5

filings unsealed unless and until the Court orders that a Party's confidentiality designation should be stricken.

**8. Disclosure to Experts and Consultants.** Counsel for the Receiving Party may disclose Confidential Information or Highly Confidential Information to retained expert consultants, graphics, translation, trial consulting, and/or document service providers who are actively assisting in the preparation for and/or trial of the case, subject to the provisions of this Paragraph 8.

A Party desiring to disclose Confidential Information or Highly Confidential Information to retained graphics, translation, trial consulting, and/or document service providers shall first obtain from each such person a signed Confidentiality Agreement in the form attached as in Exhibit A.

A Party desiring to disclose Confidential Information or Highly Confidential Information to retained expert consultants shall first obtain from each such consultant a current resume and a signed Confidentiality Agreement in the form attached as in Exhibit A. A copy of the signed Confidentiality Agreement and resume shall be served upon opposing counsel. The opposing Party shall then have ten (10) business days from receipt of notice to serve a specific written objection to such disclosure. If an objection is served within the ten-business-day period, there shall be no disclosure to such expert or consultant except by agreement of the Parties, waiver of the objection as provided herein, or the Court's refusal to enter an order barring such disclosure as provided herein. If no objection is served within the ten-business-day period, objections are waived, unless a new ground for objection resulting from a material nondisclosure by such expert or consultant or a subsequent material change in such expert's or consultant's circumstances arises after such time. If a Party objects pursuant

to the provisions of this Paragraph 8 and the Parties cannot resolve their dispute on the terms of disclosure, the Party making the objection may apply to the Court for an order barring disclosure of Confidential Information or Highly Confidential Information to such person, or other appropriate relief reasonably required to protect the confidentiality of the objecting Party's information. Such an application to the Court shall be made within ten (10) business days of a meet and confer between the Parties regarding the objection (or such longer period agreed to by the Parties in writing), or the objection will be deemed to have been waived.

**9. Expert Discovery Exemptions.** A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his or her work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions. The expert must produce his or her final report and all materials on which he or she relied.

**10. Use of Designated Information During Testimony.** Except as otherwise approved by the Producing Party or by an order of the Court, Confidential Information or Highly Confidential Information of a Producing Party may be used by a Receiving Party in taking testimony during a deposition, at a hearing, or at trial, only if the witness is:

    a.    an existing employee of the Producing Party;

    b.    a retained expert or consultant or other person duly qualified under Paragraph 8, above;

    c.    any former employee or consultant having authored or received the Confidential Information or Highly Confidential Information during the course of his or her employment or consultancy; or

7

      d.    any existing or former employee of, or any Rule 30(b)(6) designee of, a third party who is a deponent or trial witness if the information in question previously had been provided by the Producing Party to that third party in connection with matters related to the witness's job responsibilities for that third party.

Should the need arise during the trial or any hearing in open court for a Receiving Party to cause Confidential Information or Highly Confidential Information to be disclosed, such disclosure may only be made after the Producing Party has the opportunity to request *in camera* review or other safeguards from the Court. The party seeking to make such disclosure shall provide reasonable notice of its intent to the Producing Party, and shall not object to reasonable requests for such safeguards.

**11. Attendees at Depositions.** Any attendee at a deposition (other than a court reporter or videographer) in which Confidential Information or Highly Confidential Information is shown or discussed must be qualified under this Order to review such information. The Parties expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Confidential Information or Highly Confidential Information is shown or discussed.

**12. Designating Transcripts.** During any deposition in which Confidential Information or Highly Confidential Information is discussed, counsel attending the deposition must make a good-faith attempt to designate, on the record, the portions of the transcript that will contain such material. The portions of any deposition transcript that counsel for any Party has designated on the record at the deposition as Confidential Information or Highly Confidential Information and any such information marked as a deposition exhibit shall be placed in a separately bound volume. Portions of the transcript may also be designated by

writing to the Parties' counsel of record within thirty (30) days of the Producing Party's receipt of the written transcript. In the time after the deposition but before the expiration of this thirty-day period, the entirety of all deposition transcripts must be treated as if they contained Highly Confidential Information.

**13. Use of Public or Independently-Obtained Discovery Material.** None of the provisions of this Protective Order shall apply to information, documents and/or things that were:

- a. available to the public at or before the time of its production hereunder;
- b. available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;
- c. known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein or without use or benefit of the information;
- d. obtained outside of this Action by the Receiving Party from the Producing Party, provided, however, that this provision does not negate any pre-existing obligation of confidentiality;
- e. obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or
- f. previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

**14. Challenges to Designations.** The Receiving Party may challenge the designation of any information or material hereunder by requesting reclassification of such material or information, in a writing to the Producing Party. The Producing Party shall, within ten (10) business days after receipt of the Receiving Party's request for reclassification, make a good-faith determination as to whether the information at issue should be reclassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally or no response is received from the Producing Party within such ten (10) business days, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes. The Producing Party shall have the burden of proving the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court. A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**15. Inadvertent Production of Confidential or Highly Confidential Information.** Inadvertent failure to designate material or information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this Paragraph 15 are satisfied. Likewise, a mistaken designation of Confidential Information or Highly Confidential Information shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this Paragraph 15 are satisfied. If the Producing Party discovers that information or material should have been but was not designated as Confidential Information or Highly Confidential Information, or was incorrectly designated, the Producing Party must immediately notify the other Parties. In such event, within fifteen (15) days of notifying all other Parties, the Producing Party must provide copies of the

Confidential Information or Highly Confidential Information designated in accordance with this Order. After receipt of such redesignated information, this Confidential Information or Highly Confidential Information shall be treated as required by this Order.

**16. Unauthorized Disclosure of Designated Discovery Material.** In the event of a disclosure of any material or information designated hereunder to a person or persons not authorized to receive such disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Party whose discovery material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed discovery material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

**17. Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

If at any time Confidential Information or Highly Confidential Information is subpoenaed or requested by any court, arbitral, administrative or legislative body, the person to whom the subpoena or request is directed shall within ten (10) business days give written notice thereof to every party who has produced such discovery material and to its counsel and

11

shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such discovery material in response thereto. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of discovery material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**18. No Duty to Disclose Privileged Information.** The parties agree that there is no duty to disclose documents or information subject to the attorney-client and attorney-work-product privileges. The parties propose that they need not exchange privilege logs identifying privileged documents or attorney work product generated on or after the date the Complaint in this Action was filed.

**19. Inadvertent Disclosure of Privileged Information.** Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this Paragraph 19 are satisfied. If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Producing Party must immediately notify all other Parties. In such event, the Parties must immediately return the privileged information along with all duplicates and destroy any memoranda or other work product discussing the privileged information. Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Producing

Party. Within fifteen (15) days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged information. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege.

**20. Continuing Jurisdiction.** After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding on the Parties. This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the Parties and any other person who received the Confidential Information or Highly Confidential Information pursuant to this Order, so that the Court can continue to enforce this Order.

**21. Modification.** The Parties may modify this Order only by written agreement. The Court may modify this Order upon a showing of good cause. Nothing in this Order shall be construed as precluding any Party from seeking such modification.

**22. Return or Destruction of Confidential and Highly Confidential Materials.** Within forty-five (45) calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Producing Party containing Confidential Information or Highly Confidential Information shall be destroyed, by cross-cut shredding, except that outside counsel of record and in-house counsel shall be entitled to retain attorney work product and, for archival purposes, one (1) paper and one (1) electronic copy of pleadings, hearing and trial transcripts, trial exhibits, written discovery, and correspondence and/or memoranda, which contain or refer to

Confidential Information or Highly Confidential Information. Notwithstanding this provision, outside counsel of record in this matter shall not be required to delete information that may reside on their respective firms' electronic disaster recovery systems which are overwritten in the normal course of business. However, the outside firms that have appeared as counsel of record in this matter shall not retrieve any Confidential Information or Highly Confidential Information from any firm's electronic disaster recovery systems after the conclusion of the Action.

**23. Right to Seek Additional Protection of Discovery Material.** This Protective Order is entered without prejudice to the right of any Party to seek further or additional protection of discovery material for which the protection of this order is not believed by such Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

**24. Injunctive Relief.** In the event anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this Action.

**25. Persons Bound by Order.** This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents,

retained consultants and experts, and any persons or organizations over which they have direct control.

**26. No Waiver of Rights.** Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

STIPULATED AND AGREED TO on September 12, 2013:

KENYON & KENYON LLP

By: _____

John Flock (JF 4507)
Michelle Carniaux (MC 0902)
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1007
Telephone (212) 425-7200
Facsimile (212) 425-5288
jflock@kenyon.com
mcarniaux@kenyon.com

*Attorneys for Plaintiff Sony Corporation*

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

By: _____

John D. D'Ercole
875 Third Avenue
New York, New York 10022-0123
(212) 603-6300
jdd@robinsonbrog.com

*Attorney for Defendant Mizco International Inc.*

IT IS SO ORDERED.

DATED this 3 day of Sept, 2013.

_____
The Honorable Colleen McMahon, U.S.D.J.

## THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONY CORPORATION,<br><br>         Plaintiff,<br><br>   v.<br><br>MIZCO INTERNATIONAL INC.,<br><br>         Defendant. | Docket No.: 13-CV-649 (CM) (SN) |

### CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR RECEIVING CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

I, _____, state the following:

1. I have read and understand the Protective Order ("Order") in the above captioned action (a copy of which is attached and whose definitions are incorporated herein), and I attest to my understanding that access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

2. I shall not use or disclose any Confidential Information or Highly Confidential Information to others, except in accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I may be

subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

3. I agree to (a) notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Protective Order, and (b) provide them with an unsigned copy of this undertaking.

4. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY" that is disclosed to me.

5. My ability to engage in patent prosecution or competitive decision making activities shall be governed by Paragraph 6 of the Protective Order.

6. I agree not to accept employment with a Party for a period of six (6) months after the conclusion of this Action (either by full settlement of all disputed causes of action or exhaustion or abandonment of all appeals) with the exception of employment or retention in my capacity as an expert or consultant in litigation on behalf of the same Party for which I have been retained in this Action.

7. Promptly upon termination of this Action, I will destroy all materials containing information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, or return them to the attorneys for the Party by whom I am employed or retained, or who noticed my deposition. I understand that such destruction or return shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

_____
Signature

_____
Printed Name

_____
_____
Address

STATE OF _____

COUNTY OF _____

Subscribed and sworn to before me this \_\_ day of _____, 20\_\_. Witness my hand and official seal.

_____